IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>BREANNE JANETTE WELLS,<br><br>  Defendant. | MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br><br>Case No. 1:06-CR-6 TS |

On June 13, 2008, Defendant filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the New Amendment to Crack Cocaine Guideline Effective Retroactive December 11, 2007.  The government filed a notice that it has no objection to the Motion.

Defendant pleaded guilty to one count under 21 U.S.C. § 841(a)(1), Distribution of a Controlled Substance methamphetamine.  On January 16, 2007, the Court sentenced Defendant to 151 months in the custody of the Bureau of Prisons and 60 months of supervised release.  Judgment was entered on January 17, 2007.

1

The offense in the instant case does not involve crack cocaine.  However, Defendant argues that application of other amendments, added at the same time—specifically, the amendments regarding "the counting of multiple prior sentences and use of misdemeanor offenses in determining a defendant's criminal history score"[1]—would lower her criminal history score from VI to III, thereby lowering her guideline range to 108 to 135 months.  She also notes that the Sentencing Guidelines are now advisory and submits evidence of her recent efforts to turn her life around.

In support of her Motion, Defendant relies on "Amendment 12," which she argues changed the Sentencing Guidelines Chapter Four, criminal history rules.  Because Defendant is proceeding pro se, the Court construes her filings liberally.  The Court finds that by referencing "Amendment 12," Defendant is actually referring to Amendment 709 to the U.S.S.G., effective November 1, 2007, affecting various provisions of the Chapter Four criminal history rules.  Amendment 709 is the provision that: "addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score."[2]  Defendant's description of "Amendment 12" is identical to this description of Amendment 709.  Use of the misnomer "Amendment 12" for Amendment 709 is common

---

[1] Docket No. 54, at 2.

[2] United States Sentencing Guidelines Manual app. C (2007), Amendment 709, Reason for Amendment.

in pleadings filed by defendants acting pro se.[3]  The Court will analyze Defendant's request under Amendment 709.

Unlike the amendments directly applicable to crack cocaine sentences, Amendment 709 was not been made retroactive pursuant to U.S.S.G. § 1B1.10.  It is, as argued by Defendant, a clarifying amendment.  However, except on direct appeal, a clarifying amendment is not retroactively applied unless it is listed in § 1B1.10(c).[4]  Amendment 709 is not listed in §1B1.10(c).  Therefore, 18 U.S.C. § 3582(c)(2) does not provide a basis for the Court to recalculate the Defendant's criminal history score.

Because Defendant does not rely on an amendment made retroactive, and because the retroactive crack cocaine amendments have no application to her case, she is ineligible for relief under § 3582(c)(2).

---

[3] *See, e.g., United States v. Esquivel*, 2008 WL 2570907, 5  (D. Utah June 25, 2008) (noting that while the defendant referred to "'Amendment 12,' her citation to language in the Guidelines Manual describing the reason for Amendment 709 makes clear . . . [that she] was in fact relying on Amendment 709 as the basis of her request"); *Harris v. United States*,  2009 WL 303701, 3 n.4  (W.D. Pa. Feb. 9, 2009) (same).

[4] U.S.S.G. § 1B1.10 (a)(1)(providing that "in a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of *an amendment to the Guidelines Manual listed in subsection (c)* below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)") (emphasis added).

The Court will enter a separate order denying Defendant's Motion.

DATED this 19th day of March 2009.

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge